UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

BRUCE GORDON DUNBAR,                                    Case No. DT 09-06496
                                                        Hon. Scott W. Dales
                    Debtor.                             Chapter 7
_____/

EDWARD SHER and
MONA SHER,

                    Plaintiffs,                         Adversary Proceeding
                                                        No. 09-80385

v.

BRUCE GORDON DUNBAR,

                    Defendant.
_____/

**OPINION AND ORDER
REGARDING PLAINTIFFS' MOTION TO RECONSIDER**

PRESENT:   HONORABLE SCOTT W. DALES
            United States Bankruptcy Judge

This matter is before the court on the Motion of Edward and Mona Sher (the "Shers") for

Reconsideration of Opinion and Order Regarding Defendant's Motion to Dismiss (the "Motion,"

DN 15).  In support of the Motion, the Shers rely on Rules 59 and 60(a), made applicable to this

matter by Rule 9023 and 9024.[1]  They ask the court to reconsider the Opinion and Order

Regarding Defendant's Motion to Dismiss (the "First Opinion," DN 13), and related Judgment in

Adversary Proceeding (the "Judgment," DN 14), both entered on January 12, 2010.

---

[1] In this opinion, the court shall refer to each of the Federal Rules of Bankruptcy Procedure and Federal Rules of Civil Procedure as "Rule ____." In addition, capitalized terms used in this opinion shall have the meanings ascribed in the First Opinion, except as otherwise noted.

In its First Opinion, the court granted the Defendant's motion to dismiss after finding that an Hawaiian arbitration award had issue preclusive effect in this non-dischargeable debt proceeding. Through this Motion, the Shers seek an order extending the court's holding "to apply collateral estoppel to all issues addressed by the Award and the Fee Award," or making the Judgment interlocutory. *See* Motion at ¶ 17. The court reviewed the Motion and the Debtor's brief in response (DN 25), and held a hearing on September 22, 2010 in Traverse City, Michigan. For the following reasons, the court will deny the Motion.

The Shers take a two-pronged approach to this reconsideration motion. First, they argue under Rule 60(a) that the court should amend its First Opinion because it did not accurately reflect the court's intention to apply the doctrine of collateral estoppel to both parties. Second, reciting the usual standards for reconsideration, they assert that the First Opinion may work "manifest injustice" unless the court expands the scope of its ruling.

The court has determined that the First Opinion accurately reflects the court's decision. The court did not express an opinion on the issue-preclusive effect of the arbitrator's award as it may pertain to the Shers' claims against the Debtor in other litigation because the parties did not present that issue, and it was not necessary to the court's decision, which involved only the Defendant's request for dismissal. Indeed, the court observed that the dismissal of the adversary proceeding would be "without prejudice to the Shers' proof of claim, or the Debtor's objection, if any, to that proof of claim." *See* First Opinion at p. 9. Because the underlying adversary proceeding sought relief under 11 U.S.C. § 523(a)(2), the court deemed it necessary only to apply the doctrine of collateral estoppel to the fraud claims that the arbitrator previously rejected. The court found it unnecessary to the dismissal decision to determine the collateral estoppel effect with respect to other issues raised in the arbitration, including, for example, any

offset, other damages, fees, or costs.  This is not to say that the arbitrator's award will not have preclusive effect on those issues, but only that it was unnecessary to reach the issue in rendering the First Opinion.

With respect to the Shers' request to reconsider under Rule 59(e), the court accepts counsel's recitation of the standards for such relief.  *See* Motion at ¶ 22 (*citing In re Ying Ly*, 350 B.R. 757, 759 (Bankr. W.D. Mich. 2006); *In re Bulson*, 327 B.R. 830, 836 (Bankr. W.D. Mich. 2005); *In re Quality Stores, Inc.*, 272 B.R. 643, 649 n.11 (Bankr. W.D. Mich. 2002)).  The Shers do not argue that the First Opinion was premised on a clear error of law, or that newly-discovered evidence or legal developments require reconsideration. Rather, the Shers argue that reconsideration is necessary to prevent "a manifest injustice [that] *could* occur, *potentially* allowing the Debtor to benefit from one aspect of the Award now, while later arguing that collateral estoppel does not apply with respect to other issues in the Award and the Fee Award." *See* Motion at ¶ 23 (emphasis added).

However, the "potential" for manifest injustice is just that at this point -- a potential -- so the request for relief is not ripe.  Moreover, the court doubts there is even a potential for injustice because the Shers remain free to assert in the next phase of their litigation against the Debtor the preclusive effect of the arbitrator's award on any other issues that may come before any future tribunal, including this court.  In entering the Judgment, this court limited itself to resolving only the issues necessary to the decision, resisting the temptation to anticipate and resolve issues in the interest of expediency but in advance of the necessity of deciding them.

Finally, the Shers request that the court should transform its final Judgment into an interlocutory order.  This request must be denied because the court's Judgment necessarily resolved all of the issues in the case and was immediately appealable as a "judgment" which

Rule 9001(7) defines as "any appealable order."  Courts cannot hold matters open when their decisions have resolved all issues in a particular case. *See* Fed. R. Civ. P. 58(b)(1)(C) (directing Clerk to enter judgment when "the court denies all relief"); Fed. R. Bankr. P. 9001(7) (defining "judgment").

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 15) is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Edward and Mona Sher, John T. Gregg, Esq., and John T. Piggins, Esq.

END OF ORDER

**IT IS SO ORDERED.**

_____
Scott W. Dales
United States Bankruptcy Judge

**Dated: September 24, 2010**